**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 10-CR-20767-KING(s)

UNITED STATES OF AMERICA

v.

LAWRENCE S. DURAN,
MARIANELLA VALERA, et al.,

        Defendants.
_____/

**RESPONSE TO DEFENDANTS DURAN AND VALERA'S RESPONSES TO GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States hereby responds to Defendants Duran's and Valera's Responses to the Government's Memorandum in Aid of Sentencing. The United States Sentencing Guidelines are advisory, as are the government's arguments regarding their proper application. The government cannot waive the Court's power to determine an appropriate Guidelines calculation nor the Court's power to enter a resulting sentence based on that advisory Guidelines calculation.

There is no legal authority for Defendants' waiver argument. In their responses, Defendants argue that the government has waived its argument that Defendants are subject to a 4-level enhancement under Section 3A1.1(b) of the Sentencing Guidelines based upon the vulnerability of the victims of their offense, which the government made in its Memorandum in Aid of Sentencing, filed September 9, 2011 (D.E. 294). In addition, Defendant Duran argues that the government also waived its argument that Defendant Duran is subject to a 4-level upward departure based on significant disruption of a governmental function pursuant to Section 5K2.7 of the Guidelines. Defendants argue that because the government did not timely object to the Presentence Report, which did not include the vulnerable victim enhancement or an upward

1

departure for significant disruption of a governmental function, the government should be considered to have waived these arguments.  Defendants offer no legal authority in support of a waiver argument, and the relevant rule, Federal Rule of Criminal Procedure 32, and relevant case law, reject such a waiver approach.  More importantly, the government cannot waive the Court's power to determine the appropriate sentence for Defendants based on the facts presented to it.

As Defendants note, Federal Rule of Criminal Procedure 32 provides for a schedule upon which probation must issue, and the parties must respond to, the presentence report.  Defendants fail to advise the Court, however, that Rule 32 explicitly provides that "at sentencing, the court … may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(D).  In this case, the presentence report for Defendants was issued on August 16, 2011, while undersigned counsel was in trial in front of this Court in the matter of Defendants' co-conspirator, Judith Negron.  The deadline for providing objections to the report for Defendant Valera was August 24, 2011, the day after the Negron trial concluded, and for Defendant Duran, the deadline was August 30, 2011.  While the government attempted to supply Probation with all relevant feedback, it inadvertently did not formally provide written objections related to Probation's failure to include a vulnerable victim enhancement or a departure based on significant disruption of a governmental function.  The government did, however, publicly file its requests of this Court for those two provisions in advance of sentencing. (D.E. 294)  Defendants are obviously on notice of the government's position.  Under these circumstances, the Court can and should consider the arguments advanced by the government with respect to these factors.  *See United States v. Heron*, 323 Fed. Appx. 150, 2009 WL 868017, at *7-8 (3d Cir. Apr. 2, 2009) (rejecting argument that government waived

objection to presentence report where it did not object within the applicable time, and citing Rule 32(i)(D)).

More importantly, even if the government failed timely to object to the presentence report's non-inclusion of the vulnerable victim enhancement or departure for significant disruption of a governmental function, that failure has no bearing on whether the Court may consider the enhancement or departure in sentencing Defendants. As the First Circuit Court of Appeals noted in *United States v. Robinson*:

> Robinson argues that, because the government had an opportunity to ask the court to apply § 2A6.2(b)(1)(D) before submission of the revised report, and did not avail itself of that opportunity, the government waived any possible application of that guideline, and that the court was therefore wrong to apply it. The application of a particular guideline and imposition of a sentence are not, however, the government's to waive in a case, such as this one, where the defendant has pled guilty without the benefit of a plea agreement as to sentencing. Robinson's argument supposes that the presentence report limits the sentence the court may impose, but that is simply not the case. The presentence report and the government's response to it are advisory, intended to help the district court arrive at an appropriate sentence. The responsibility, and with it the power, to recognize the applicable law and impose a sentence under it belong to the judge.

433 F.3d 31, 36 (1st Cir. 2005) (citation omitted).

The United States Sentencing Guidelines are advisory, as are the government's arguments regarding their proper application. The government cannot waive the Court's power to determine a proper Guidelines sentence, nor an appropriate sentence for Defendants under 18 U.S.C. § 3553.

Respectfully submitted,

WIFREDO FERRER
UNITED STATES ATTORNEY

By:      /s/
Jennifer L. Saulino
Trial Attorney
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
Phone: 202-445-9674
Fax: 202-514-7021
Jennifer.Saulino@usdoj.gov

## CERTIFICATE OF SERVICE

On this 12th day of September, 2011, I hereby certify that I have electronically filed and served this document using CM-ECF.

                                                    _____/s/_____
                                                    JENNIFER L. SAULINO
                                                    Trial Attorney
                                                    United States Department of Justice
                                                    Criminal Division, Fraud Section
                                                    1400 New York Ave., NW
                                                    Washington, DC  20005
                                                    Tel: (202) 445-9674 (mobile)
                                                    Jennifer.Saulino@usdoj.gov